Lawrence J. King, Esq., #120805
LAW OFFICES OF LAWRENCE J. KING
11 Western Avenue
Petaluma, CA 94952
Telephone:  707-769-9791
Fax:  707-769-9253
Email:  kingesq@pacbell.net

Attorneys for Plaintiff Amy Bravo

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| AMY BRAVO,<br><br>Plaintiff,<br><br>v.<br><br>SAN BENITO COUNTY, MARIA SANCHEZ, GRISELLE RIOS, & JUAN HERNANDEZ,<br>Defendants. | CASE NO.<br><br>PLAINTIFF'S COMPLAINT FOR:<br>(1) VIOLATION OF HER RIGHTS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION;<br>(2) RETALIATION IN VIOLATION OF THE CALIFORNIA LABOR CODE SECTION 1102.5; AND<br>(3) DISCRIMINATION, HARASSMENT & RETALIATION IN VIOLATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12900 – 12996. |
|---|---|

NOW COMES PLAINTIFF AMY BRAVO and files this her complaint, demanding a jury trial and alleging the following:

**INTRODUCTION**

Plaintiff brings this suit to vindicate her right, and the right of all California employees, to report what an employee reasonably believes is a violation of law or regulation, without being retaliated against for doing so, as well as the right to work in an environment free from discrimination. harassment and retaliation. The essence of Plaintiff's claims are that: Plaintiff reported to the management of the San Benito County Behavior Health Department that several

of their substance abuse disorder ("SUD") programs were not in compliance with California Department of Health Care Service statutes and regulations. Rather than working with Plaintiff to bring their programs into compliance, the management of the San Benito County Behavior Health Department initiated a campaign to bully, harass and discredit Plaintiff and create a pretext to justify her termination. This campaign continued even after Plaintiff's termination and has included, but is not limited to, (1) slandering and defaming Plaintiff, (2) intentionally interfering in Plaintiff's efforts to fund a non-profit and to enter into contracts to provide services to San Benito County youth ages 12 to 17 and transitional aged youth ages 18 to 25, and their families, and (3) denying Plaintiff employment for positions for which she was the most qualified applicant. In addition, the management of the San Benito County Behavior Health Department discriminated against Plaintiff based on her race and national origin and denied her reasonable accommodations for her medical and religious needs.

**PARTIES AND VENUE**

1. Plaintiff was, at all times relevant herein, a resident of Monterey County, which is within the Northern District of California. During some of the time relevant herein, Plaintiff was an employee of San Benito County.

2. Defendant San Benito County is a subdivision of the State of California located in San Benito County, California, which is within the Northern District of California.

3. Plaintiff alleges on information and belief that Defendant Ray Espinoza was at all times relevant herein a resident of San Benito County, California and the Chief Administrative Officer of the San Benito County Department of Behavioral Health.

4. Plaintiff alleges on information and belief that Defendant Maria Sanchez lived and worked within the Northern District of California and was a member of the management team of the San Benito County Department of Behavioral Health.

5. Plaintiff alleges on information and belief that Defendant Giselle Rios lived and worked within the Northern District of California and was a member of the management team of the San Benito County Department of Behavioral Health.

6. Plaintiff alleges on information and belief that Defendant Juan Hernandez lived and worked within the Northern District of California and was a member of the management team of the San Benito County Department of Behavioral Health.

7. Plaintiff is informed and believes and upon such information and belief alleges that each of the defendants herein was, at all times relevant to the action, an agent, employee, and/or co-conspirator of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and upon such information and belief alleges that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

8. Some or all of the acts upon which Plaintiff bases her causes of action took place within the Northern District of California.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by the San Benito Department of Behavioral Health on July 17, 2021, as a Quality Improvement Supervisor.

10. Plaintiff discovered and reported to the management of the San Benito County Behavior Health Department that their programs were not in compliance with California Department of Health Care Service's statutes and regulations.

11. Rather than work with Plaintiff to bring their programs into compliance, the management of the San Benito County Behavior Health Department initiated a campaign to harass Plaintiff, discredit Plaintiff and create a pretext to justify her termination. Defendants did so because they believed Plaintiff would report the non-compliance of the San Benito County Behavior Health Department programs to California Department of Health Care Service and to the press.

12. The management of the San Benito County Behavior Health Department fired Plaintiff January 15, 2022.

13. This campaign continued even after Plaintiff's termination and has included, but is not limited to, (1) slandering and defaming Plaintiff, (2) intentionally interfering in Plaintiff's

efforts to fund a non-profit and to enter into contracts to provide services to San Benito County youth ages 12 to 17 and transitional aged youth ages 18 to 25, and their families, and (3) denying Plaintiff employment for positions for which she was the most qualified applicant.

14. Throughout the time that Plaintiff worked at the San Benito County Behavior Health Department, Defendants Ray Espinoza, Maria Sanchez, Griselle Rios, and Juan Hernandez, discriminated against Plaintiff due to her race & national origin. For instance, these defendants excluded Plaintiff from management meetings, deleted files documenting the work Plaintiff had done, required Plaintiff to be "chaperoned" at meetings outside the department, pulled Plaintiff off assignments for which she was the only one certified to do the assignment, assigned her substantially more work and paid her less than comparable co-workers, and shunned Plaintiff at office social events, embarrassing her in front of the entire San Benito County Behavior Health Department.

15. When Plaintiff requested an exemption from the requirement that she be vaccinated against the Covid-19 virus as a religious accommodation, Defendants Maria Sanchez, Griselle Rios, and Juan Hernandez successfully conspired to prevent Plaintiff's request from being processed, which resulted in Plaintiff being given a noticed that is she didn't get vaccinated within the week she would be suspended without pay and.

16. When Plaintiff submitted documentation from her doctor that she should not get vaccinated due to a serious medical condition, Defendants Ray Espinoza, Maria Sanchez, Griselle Rios, and Juan Hernandez successfully conspired to prevent Plaintiff from being informed until after the deadline had passed for her to be vaccinated that her request was granted. In order to avoid being suspended and potentially terminated for not getting vaccinated, Plaintiff got the vaccination and is now suffering from serious adverse side-affects from the vaccine.

17. After she was terminated, Plaintiff applied for the advertised position as the Director of the San Benito County Behavioral Health Department for which she was the most qualified candidate. Defendants Ray Espinoza, Maria Sanchez, Griselle Rios, and Juan Hernandez successfully conspired to prevent Plaintiff from being selected for this position.

1  When the position was re-opened, Defendants Ray Espinoza, Maria Sanchez, Griselle Rios, and
2  Juan Hernandez successfully conspired to have Plaintiff's second application rejected.

3　　　　18.　　After she was terminated, Plaintiff applied for numerous positions with San
4  Benito County departments, other than the Behavior Health Department, for which she was the
5  most qualified candidate, but Defendant Ray Espinoza blocked consideration of her applications.

6　　　　19.　　Plaintiff she helped establish a non-profit the purpose of which is to provided
7  substance abuse prevention services to San Benito County youth ages 12 to 17 and transitional
8  aged youth ages 18 to 25, and their families. Defendants Ray Espinoza, Maria Sanchez, Griselle
9  Rios, and Juan Hernandez successfully conspired to prevent Plaintiff's non-profit from obtaining
10 funds to support its programs, as well as interfering with the non-profit's ability to enter into
11 contracts with San Benito County departments and local cities within San Benito County.

12
**FIRST CAUSE OF ACTION:
VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS
13 (Against Defendants Espinoza, Sanchez, Rios, and Hernandez)**

14　　　　20.　　Plaintiff incorporates herein the allegations set forth above.

15　　　　21.　　The First Amendment of the United States Constitution prohibits government
16 officials from retaliating against public employees for exercising their First Amendment rights,
17 including their right to speak out about matters of public importance, to petition the government
18 and to exercise their religious beliefs.

19　　　　22.　　42 U.S.C. section 1983 creates a private right of action against any "person who,
20 under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or
21 the District of Columbia," who deprives "any citizen of the United States or other person within
22 the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the
23 Constitution and laws.

24　　　　23.　　As described above, Defendants Ray Espinoza, Maria Sanchez, Griselle Rios, and
25 Juan Hernandez retaliated against Plaintiff for (1) speaking out about the San Benito County
26 Behavior Health Departments' failure to comply with California Department of Health Care
27 Service statutes and regulations, (2) to petition the San Benito County Supervisors to redress the
28

retaliation to which Plaintiff was being subjected, and (3) to grant Plaintiff a religious exception to the mandate that San Benito County employees be vaccinated against the Covid-19 virus.

24. As a result of Defendants' violations of Plaintiff's First Amendment rights, Plaintiff has, and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputations.

25. In light of the willful, knowing and intentional retaliation committed by and on behalf of Defendants against Plaintiff, Plaintiff requests an award of punitive damages in an amount according to proof.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LABOR CODE § 1102.5
(Against Defendant San Benito County)**

26. Plaintiff incorporates herein the allegations set forth above.

27. California Labor Code Section 1102.5(b) provides in relevant part, that "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, … to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, … if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Lab. Code section 1102.5(b).

28. As a result of Defendants' violations of the Labor Code Section 1102.5(b), Plaintiff has, and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputations. Accordingly, Plaintiff seeks a finding of liability and an award of damages against Defendants.

29.     In light of the willful, knowing and intentional retaliation committed by and on behalf of Defendants against Plaintiff, Plaintiff requests an award of punitive damages in an amount according to proof.

### THIRD CAUSE OF ACTION:
### VIOLATIONS OF CALIFORNIA GOVERNMENT CODE § 12900, *et seq*.
### (Against Defendant San Benito County)

30.     Plaintiff incorporates herein the allegations set forth above.

31.     California's Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900, *et. seq*., prohibits discrimination on the basis of a person's race, national origin, religion or need for a reasonable accommodation.

32.     As a result of Defendant's violations of the FEHA, described above, Plaintiff has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to her health and personal and professional reputations.

33.     In light of the willful, knowing and intentional retaliation committed by and on behalf of Defendants against Plaintiff, Plaintiff requests an award of punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For lost compensation and related employment benefits, past and future, according to proof;

B.     For special damages according to proof;

C.     For compensatory damages for mental and emotional distress;

D.     For punitive damages;

E.     For injunctive relief reinstating Plaintiff to her position, including any damages incidental to such reinstatement or, in the alternative, an injunction to the highest level position for which Plaintiff applied and for which she was the most qualified candidate;

F.     For reasonable costs and attorney's fees as permitted by law;

G. For prejudgment interest from the date of Plaintiff's discharge on all causes of action; and

H. For such other and further relief that the Court may deem just and proper.

Dated: January 13, 2023          Respectfully submitted,

LAW OFFICES OF LAWRENCE J. KING

By: __/s/_____
      Lawrence J. King